**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER PICQUELLE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-06014

Judge John J. Tharp, Jr.

Magistrate Judge Young B. Kim

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff, HEATHER PICQUELLE ("Picquelle" or "Plaintiff"), submits this Memorandum in support of Plaintiff's Motion for leave to conduct expedited discovery (the "Motion").

## I. INTRODUCTION

Plaintiff brings this action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for Copyright Infringement (Count I). As alleged in the Complaint, Defendants are selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's Works, hereinafter referred to as the "Carol Cavalaris Products." Also, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling infringing Carol Cavalaris Products through various fully interactive commercial internet websites (collectively, the "Defendant Internet Stores")[1]. Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off of Plaintiff's valuable rights.

The Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized products, while actually selling unauthorized and unlicensed Carol Cavalaris Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' piracy operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by concealing both their identities and the full scope and interworking of their piracy operation. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered copyrights, as well as to protect unknowing consumers from purchasing pirated Carol Cavalaris Products over the internet.

This Court has personal jurisdiction over Defendants because each Defendant targets Illinois residents and has offered to sell, has sold, and continues to sell pirated Carol Cavalaris

---

[1] True and correct copies of screenshot printouts showing the infringement by the Defendant Internet Stores are attached hereto as **Exhibit 1.**

Products to consumers within the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products being sold in connection with Plaintiff's Carol Cavalaris Works. Defendants directly target their unlawful business activities toward consumers in Illinois, cause harm to Plaintiff's business within this judicial district, and have caused and will continue to cause injury to Plaintiff. Defendants deceive the public by trading upon Plaintiff's reputation and goodwill by using their commercial, interactive internet stores to sell and/or offer for sale unlicensed Carol Cavalaris Products in connection with Plaintiff's copyrights.

## II. ARGUMENT

Specifically, Plaintiff seeks an order authorizing expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of infringing Carol Cavalaris Products and Defendants' financial accounts. Considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly grant leave for expedited discovery. *See, e.g., Lorenza Scarsi v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-05508 (N.D. Ill. July 8, 2026); *Sophie Margaret Corrigan v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-06012 (N.D. Ill. Aug. 20, 2026). Plaintiff also requests that the Court permit Plaintiff to provide notice of the expedited discovery order to all Defendants after receiving full identifying information from the platforms, thereby ensuring that all parties receive meaningful notice of Plaintiff's discovery efforts.

Discovery of these financial accounts and contact information is necessary so that Defendants can be served with notice to conserve judicial resources and proceed to the merits of

this case. Additionally, expedited discovery for Defendants' financial account information is also proper since Plaintiff may seek an equitable remedy in the accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b).

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

As described above, Defendants are using third-party payment processors, which help to increase their anonymity by interposing a third party between the consumer and Defendants. Discovery directed to these third-party platforms is the mechanism most likely to produce identifying and address information that the public record does not contain. Plaintiff respectfully requests expedited discovery to discover address, email, bank, and payment system accounts Defendants use for their infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only what is essential to advance this litigation. Discovery of these financial accounts and contact information, including email and physical addresses, is necessary so that Defendants can be served with notice to conserve judicial resources and proceed to the merits of this case.

Plaintiff's counsel is aware that the same third-party payment processors, in previous lawsuits, have worked with copyright owners and is not aware of any reason that Defendants or

third parties cannot comply with these expedited discovery requests without undue burden. Further, all relevant third parties have in fact complied with identical requests in previous similar cases. More importantly, as Defendants have engaged in many deceptive practices in hiding their identities and accounts, Plaintiff will be unable to properly serve Defendants without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## III. CONCLUSION

The Carol Cavalaris Works are an important part of Plaintiff's business. That the accused products use the creative content protected by Plaintiff's copyrights is no coincidence. It is validation that consumers value these rights owned by Plaintiff. Entry of leave to conduct expedited discovery is necessary to protect Plaintiff's rights, to prevent further harm to Plaintiff and the consuming public. Unless Defendants can be properly identified and served, this action will languish and the public will continue to be confused and misled by Defendants' conduct. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court grant leave in the form submitted herewith.

DATED: August 26, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***