**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER PICQUELLE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-06014

Judge John J. Tharp, Jr.

Magistrate Judge Young B. Kim

**PLAINTIFF'S SUPPLEMENTAL INFORMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Minute Entry [18], Plaintiff submits this supplemental information in support of Plaintiff's Motion for Expedited Discovery [15], and hereby states as follows:

**A. Personal Jurisdiction is Proper as to Each Defendant**

For each Defendant, Plaintiff has produced records of a consummated purchase – an accepted order bearing an Illinois ship-to address and payment in U.S. dollars that the Defendant received and retained. *See* **Exhibit 1.** Where carrier records exist, Plaintiff has attached them. Where they do not, the completed sale is nonetheless documented. Plaintiff respectfully submits that *Liu* does not condition personal jurisdiction on proof of delivery. The defect in *Liu* was the absence of any completed transaction: the plaintiff there offered screenshots of a checkout page, which showed "only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place." *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). Plaintiff's supplemental submission cures precisely that defect.

The purposeful-direction inquiry is satisfied at the point of sale. *NBA Properties* turned on the defendant's own structuring of its business: by operating a storefront that offered Illinois as a

ship-to destination, the defendant "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). Courts in this District have applied that principle to defendants who delivered nothing at all. *See Susan Florence Comish v. the Partnerships and Unincorporated Ass'ns Identified on Schedule* Ano. 1:25-cv-07049, ECF No. 56 (N.D. Ill. Jan. 28, 2026) (finding that although three orders to Chicago were cancelled, "[b]y accepting payment for the three Illinois orders, Defendants showed that they were 'ready, willing, and able to ship products to a specific address in' Illinois.") (Alonso, J.); *Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24 C 5853, Doc. 82, at 6 (N.D. Ill. Feb. 19, 2025) (Ellis, J.) ("The fact that the Moving Defendants have not yet shipped the Counterfeit Products does not allow them to avoid jurisdiction when they clearly structured their activities to accept orders from and ship to Illinois."); *Manchester United Football Club Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 CV 5692, Doc. 98, at 10 (N.D. Ill. Dec. 23, 2024) (Shah, J.) (*prima facie* showing made where each defendant "accepted and confirmed sales for Illinois residents – whether shipped and received or later canceled"); *Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co.*, No. 23 C 14761, Doc. 100, at 9 (N.D. Ill. Dec. 9, 2024) (Ellis, J.) (the court "cannot allow" a defendant to escape jurisdiction by cancelling an Illinois test order); *see also Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 277–78 (2d Cir. 2024) (transaction itself sufficient; shipment not required, and a seller's later refusal to perform does not negate jurisdiction).

That reasoning controls here. Each Defendant elected to sell into Illinois, accepted an Illinois order, and took Plaintiff's money. However, for some Defendants, the only element absent is their own performance, or that of a third-party. These Defendants did not provide any shipping information, without which Plaintiff cannot verify that the infringing product was actually

delivered. And where tracking information was furnished, it is either invalid or reflects no progress toward delivery, yet the Defendant has not refunded the purchase price. A seller that structures its business to reach the Illinois market and then pockets an Illinois customer's payment cannot convert its own non-performance that reduces its costs and enlarges its margin into immunity from the forum it chose to serve. Plaintiff therefore respectfully requests that the Court find a *prima facie* showing of personal jurisdiction as to each Defendant.

**B. Certification**

Plaintiff, through her undersigned attorney, hereby certifies that Plaintiff has not used any of the screenshot evidence supplied in support of her motion in any prior proceeding.

**C. Infringement Index**

An index matching each defendant to the screenshots supplied in support of the motion, listing the dates these screenshots were taken, and identifying, on a defendant-by-defendant basis, the specific copyrights each defendant has allegedly infringed is attached as **Exhibit 2**.

DATED: September 10, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 10, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt