**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER PICQUELLE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-06014

Judge John J. Tharp, Jr.

Magistrate Judge Young B. Kim

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff, Heather Picquelle ("Picquelle" or "Plaintiff"), submits this Memorandum in support of Plaintiff's Motion for a Preliminary Injunction (the "Motion").

## TABLE OF CONTENTS


**I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1**

**II. STATEMENT OF FACTS ........ 4**

A. PLAINTIFF'S COPYRIGHTS AND PRODUCTS ........ 4

B. DEFENDANTS' UNLAWFUL ACTIVITIES ........ 4

*i. Defendants Operate Legitimate-Looking Internet Stores ........ 5*

*ii. Defendants Use Fictitious Aliases and Common Tactics to Evade Take Down ........ 5*

**III. ARGUMENT ........ 6**

A. THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS ........ 7

B. STANDARD FOR PRELIMINARY INJUNCTION ........ 9

C. PLAINTIFF WILL LIKELY SUCCEED ON THE MERITS ........ 10

D. THERE IS NO ADEQUATE REMEDY AT LAW AND PLAINTIFF WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF ........ 10

E. THE BALANCING OF HARMS TIPS IN PLAINTIFF'S FAVOR ........ 11

F. ISSUANCE OF THE INJUNCTION IS IN THE PUBLIC INTEREST ........ 12

**IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ........ 13**

A. A PRELIMINARY INJUNCTION IMMEDIATELY ENJOINING DEFENDANTS' UNAUTHORIZED AND UNLAWFUL USE OF PLAINTIFF'S WORKS IS APPROPRIATE ........ 13

B. PREVENTING THE FRAUDULENT TRANSFER OF ASSETS IS APPROPRIATE ........ 14

**V. DEFENDANTS RECEIVED NOTICE OF THIS CASE AND THE PRELIMINARY INJUNCTION VIA E-MAIL ........ 15**

**VI. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF ........ 17**

**VII. CONCLUSION ........ 18**

## TABLE OF AUTHORITIES

Cases

*Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992) ........ 9

*Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) ........ 14

*Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983) ........ 12

*Burger King Corp. v. Majeed,* 805 F. Supp. 994, 1006 (S.D. Fla. 1992) ........ 11

*Christian Dior Couture, S.A. v. Liu*, 2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015) ........ 9

*Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) ........ 7

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002) ........ 14

*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020) ........ 9

*Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) ........ 14

*Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456 (7th Cir. 2000) ........ 9

*Georgii Nikolayevich Diachenko v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-12479 (N.D. Ill. Nov. 12, 2025) ........ 3, 13, 15, 17

*Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308 (1999) ........ 14

*Heather Ann Dutton v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-14095 (N.D. Ill. Jan. 5, 2026) ........ 2, 13, 15, 17

*Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977). 10

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 421 (4th Cir. 1999) ........ 17

*In re Vuitton et Fils*, *S.A.,* 606 F.2d 1 (2d Cir. 1979) ........ 3

*Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1092 (7th Cir. 1988) ........ 10

*JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910 (7th Cir. 2007) ........ 10

*Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026) ........ 2

*Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994) ........................... 11

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ....................... 14

*Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) .......................................................................................................................... 14

*MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007)......................... 11

*Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897 (N.D. Ill. 2015)............................ 9, 18

*Mori Lee v. Lei Liu et al.*, No. 19-cv-07555 (N.D. Ill. May 14, 2020).............................................. 9

*NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022)....................................................... 8

*Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)...................... 8

*Rathmann Grp. v. Tanenbaum,* 889 F.2d 787, 789 (8th Cir. 1989).................................................. 17

*Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).............................. 14

*Stahly, Inc. v. M.H. Jacobs Co.,* 183 F.2d 914, 917 (7th Cir. 1950)................................................. 12

*Tommy Hilfiger Licensing LLC et al. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 1:20-cv-07477 (N.D. Ill. Mar. 24, 2021)............................................ 9

*Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)........................................... 9, 11

*uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 423 (7th Cir. 2010)............................................ 8

*Warner Bros. Entm't, Inc. v. WTV Sys.,* 824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011).......... 11, 12

Statutes

17 U.S.C. § 101 .......................................................................................................................... 10

17 U.S.C. § 504(b) .................................................................................................................. 3, 14

28 U.S.C. § 1331 .......................................................................................................................... 7

28 U.S.C. § 1391 .......................................................................................................................... 7

28 U.S.C. §§ 1338(a)-(b) .............................................................................................................. 7

735 ILCS 5/2-209(a)(2) ........................................................................................................... 8

Fed. R. Civ. P. 65(a)(1) ........................................................................................................ 7, 13

Fed. R. Civ. P. 65(c) ............................................................................................................. 17

Fed. R. Civ. P. 65(d)(2)(C) ...................................................................................................... 3

Federal Copyright Act, 17 U.S.C. § 101, et seq. ........................................................................ 7

# MEMORANDUM OF LAW

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff brings this action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for Copyright Infringement (Count I). As alleged in the Complaint, Defendants are selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's registered Copyrighted Works, hereinafter referred to as the "Carol Cavalaris Products." Also, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling infringing Carol Cavalaris Products through various fully interactive commercial internet websites identified in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"). Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off Plaintiff's valuable rights.

The Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized products, while actually selling unauthorized and unlicensed Carol Cavalaris Products to unknowing consumers. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered copyrights, as well as to protect unknowing consumers from purchasing pirated Carol Cavalaris Products over the internet.

This Court has previously found that it has personal jurisdiction over Defendants because each Defendant targets Illinois residents and has offered to sell, has sold, and continues to sell pirated Carol Cavalaris Products to consumers within the United States, including the State of Illinois. *See* [22]. Specifically, Plaintiff has submitted evidence establishing that Defendants reach out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products being sold in connection with Plaintiff's Carol Cavalaris Works. *See* [21-1]. Defendants directly target unlawful business

activities toward consumers in Illinois, cause harm to Plaintiff's business within this judicial district, and have caused and will continue to cause irreparable injury to Plaintiff. Defendants deceive the public by trading upon Plaintiff's reputation and goodwill by using their commercial, interactive internet stores to sell and/or offer for sale unlicensed Carol Cavalaris Products in connection with Plaintiff's copyrights.

Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue a Preliminary Injunction Order. Specifically, Plaintiff seeks an order: (1) restraining Defendants' continued manufacture, importation, distribution, offering for sale, and sale of pirated Carol Cavalaris Products; and (2) restraining Defendants' assets to preserve Plaintiff's right to an equitable accounting. Ancillary to and as part of the TRO, Plaintiff respectfully requests that this Court (3) authorize notifying Defendants of the proceedings by electronic mail and/or electronic publication. Plaintiff does not seek authorization to effectuate service by electronic means in this motion. Plaintiff reserves the request for alternative service in a separate motion supported by the specific, defendant-by-defendant, address-diligence showing required by *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026). That sequencing accords with the Court's ruling. Plaintiff does not seek to circumvent *Kangol*; Plaintiff seeks only to reserve the required *Kangol* showing for the procedural stage at which it is required: formal service.

Indeed, considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly issue such orders. *See, e.g., Heather Ann Dutton v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-14095 (N.D. Ill. Jan. 5, 2026); *Georgii Nikolayevich Diachenko v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-12479

(N.D. Ill. Nov. 12, 2025); *see also In re Vuitton et Fils*, *S.A.,* 606 F.2d 1 (2d Cir. 1979) (holding that ex parte temporary restraining orders are indispensable to the commencement of an action when they are the sole method of preserving a state of affairs in which the court can provide effective final relief).

Plaintiff's well-pleaded factual allegations, which must be accepted as true, and evidence submitted through declarations establish that issuing a Preliminary Injunction Order against Defendants is necessary and proper. Plaintiff can demonstrate a strong likelihood of success on the merits. Plaintiff is the owner of valid copyright registrations, and Defendants sold and offered to sell pirated products that infringed the Heather Picquelle copyrighted works.

In addition, Defendants have and continue to irreparably harm Plaintiff through diminished goodwill and damage to Plaintiff's reputation. Monetary damages are inadequate to Plaintiff for these damages. This makes injunctive relief particularly appropriate in this matter.

Issuance of an injunction is also in the public interest because it will prevent unknowing consumers from being deceived into purchasing pirated Carol Cavalaris Products.

Moreover, under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties, such as financial institutions, who are in active concert with the Defendants or who aid and abet Defendants and are given actual notice of the order. Similarly, a prejudgment asset freeze is also proper since Plaintiff seeks an equitable remedy in the accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b). Finally, an order authorizing notice by email and/or electronic publication is proper as a result of Defendants' intentional efforts to conceal their identities and operate their business online. Under these circumstances, email and electronic publication are most efficient and reliable methods for notifying them of this motion and future proceedings and providing them the opportunity to defend and present their objections.

## II. STATEMENT OF FACTS

### A. Plaintiff's Copyrights and Products

Picquelle is the daughter of the late Carol Ann La Jeunesse who was professionally known as Carol Cavalaris. *See* Declaration of Heather Picquelle (the "Picquelle Declaration") at ¶ 2. Plaintiff manages her late mother's legacy and business affairs and inherited the Carol Cavalaris Works. *See id*. Plaintiff's mother was an artist that had a passion for painting wildlife and nature. *Id.* at ¶ 3. Long before Defendants' acts described herein, Plaintiff or her mother launched the Carol Cavalaris Products. Plaintiff is the owner of U.S. Copyright Registration Nos. VA 2-357-138; VA 2-393-505; VA 2-392-878; VA 2-357-132; VA 2-357-173; VA 2-346-054; VA 1-899-016; VA 2-346-712; VA 2-391-971; VA 2-391-906; VA 2-391-915; VA 2-345-725; and VA 2-393-537 (the "Carol Cavalaris Works"). *Id.* at ¶ 5. True and correct copies of the federal copyright registration certificates for the Carol Cavalaris Works are attached to the Picquelle Declaration as **Exhibit 1**. *Id.* Also, substantial time, money, and other resources have been expended in developing, advertising, and otherwise promoting the Carol Cavalaris Works. *Id.* at ¶ 7. Thus, the Carol Cavalaris Works are widely recognized and exclusively associated by consumers, the public, and the trade as being associated with Plaintiff and her mother. *Id.*

### B. Defendants' Unlawful Activities

The success of the Carol Cavalaris Works has resulted in significant infringement of the copyrights. *Id.* at ¶ 8. Numerous internet stores, including the Defendant Internet Stores, have been identified and linked to numerous marketplace listings, which were offering for sale, selling, and importing unauthorized Carol Cavalaris Products to consumers in this judicial district and throughout the United States. *Id.*

i. <u>Defendants Operate Legitimate-Looking Internet Stores</u>

Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Carol Cavalaris Products. Declaration of Keith Vogt ("Vogt Declaration") at ¶ 3. Plaintiff has not licensed or authorized Defendants to use Plaintiff's Carol Cavalaris Works, and none of the Defendants is an authorized retailer of genuine Carol Cavalaris Products. *See* Picquelle Declaration at ¶ 9.

ii. <u>Defendants Use Fictitious Aliases and Common Tactics to Evade Take Down</u>

Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Vogt Declaration at ¶ 4. Upon information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. *Id.* Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their illegal operation and to avoid being shut down. *Id.*

There are similarities among the Defendant Internet Stores. *Id.* at ¶ 5. For example, many of the Defendant websites have similar layouts, even though different aliases were used to register the respective internet stores. *Id.* In addition, pirated Carol Cavalaris Products for sale in the Defendant Internet Stores bear similar indicia of being reproductions of one another, suggesting that the pirated Carol Cavalaris Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. *Id.*

Further, infringers such as Defendants typically operate multiple accounts behind layers of payment gateways so that they can continue operation. *Id.* at ¶ 6. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court. *Id.*

Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the Defendant Internet Stores and the pirated Carol Cavalaris Products for sale thereon, and common tactics employed to evade enforcement establish a logical relationship among the Defendants suggesting that Defendants are an interrelated group of infringers. Upon information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products in connection with unauthorized versions of the Carol Cavalaris Works in the same transaction, occurrence, or series of transactions or occurrences. As indicated above, the tactics used by Defendants to conceal their identities and the full scope of their pirating operation make it virtually impossible for Plaintiff to discover the true identities of the Defendants, the exact interworking of the Defendants' pirating network, and the relationship among Defendants. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and the goodwill symbolized by the Carol Cavalaris Works. To stop Defendants' sale of Infringing Carol Cavalaris Products, Plaintiff respectfully requests that this Court issue a Preliminary Injunction Order. Without the relief requested by Plaintiff's instant Motion, Defendants' unlawful activity will continue unabated, and Plaintiff and consumers will suffer irreparable harm.

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that the Court may issue a preliminary injunction order only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Defendants here fraudulently promote, advertise, offer to sell, and sell goods in connection with the Carol Cavalaris Works via the Defendant Internet Stores. Defendants are creating a false association in the minds of consumers between the Defendants and Plaintiff by deceiving consumers into believing that the pirated Carol Cavalaris Products for sale on Defendants' websites are owned, sponsored or endorsed by Plaintiff. The entry of a preliminary injunction order is appropriate because it would immediately stop the Defendants from benefiting from their wrongful use of the Carol Cavalaris Works.

In the absence of a preliminary injunction, the Defendants can and likely will modify registration data and content, redirect traffic to other websites and/or marketplace accounts in their control, and move any assets from U.S.-based accounts, including PayPal or similar accounts. Courts have recognized that civil actions against infringers present special challenges that justify proceeding on even an *ex parte* basis. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). As such, Plaintiff respectfully requests that this Court issue the requested preliminary injunction order. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**A. This Court May Exercise Personal Jurisdiction Over Defendants**

This Court has already determined it may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, by directly offering for sale products into this judicial district as well as

through at least the fully interactive, commercial Defendant Internet Stores. *See* [22]. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can and do purchase products replicating the Carol Cavalaris Works without authorization. *See* [21-1]. Each Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, and have offered to sell, have sold, and continue to sell infringing Carol Cavalaris Products to consumers within the United States, including the State of Illinois. *See* Complaint at ¶¶ 2, 16. Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 423 (7th Cir. 2010); *see also Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("When determining whether a plaintiff has met his burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits.").

Illinois courts regularly exercise personal jurisdiction over websites using intellectual property without authorization in connection with the offering for sale and selling of infringing merchandise to Illinois residents over the internet. 735 ILCS 5/2-209(a)(2). Recently the Seventh Circuit concluded that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers, such as Amazon.com. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) ("[Defendant's] actions certainly can be characterized as purposeful. It established an online store, using a third-party retailer, Amazon.com. Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so."); *See also Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir.

2020); *Tommy Hilfiger Licensing LLC et al. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 1:20-cv-07477 (N.D. Ill. Mar. 24, 2021) (Docket Entry 46); *Mori Lee v. Lei Liu et al.*, No. 19-cv-07555 (N.D. Ill. May 14, 2020) (Docket Entry 60); *Christian Dior Couture, S.A. v. Liu*, 2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015); *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897 (N.D. Ill. 2015).

**B. Standard for Preliminary Injunction**

A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id.* The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Ty, Inc.*, 237 F.3d at 895. The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.* at 895-96. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456, 461 (7th Cir. 2000).

### C. Plaintiff Will Likely Succeed on the Merits

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. Here, Plaintiff owns the registered copyrights for the Carol Cavalaris Works. Picquelle Declaration at ¶ 5. The accused products use the protected works or are derived from the distinctive creative content found in the Carol Cavalaris Works. *See* [21-2]. As such, the infringement is clear and establishes that Plaintiff is likely to succeed on the merits of this claim.

### D. There is No Adequate Remedy at Law and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief

Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1092 (7th Cir. 1988).

The harms caused by the copyright infringement of the Carol Cavalaris Works are equally insidious. The infringements deprive Plaintiff of the ability to control the creative content protected by the copyrights, they devalue the Carol Cavalaris Works by associating them with inferior quality goods, and they undermine the value of the copyrights by creating the impression that

infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and markets for the existing works. Picquelle Declaration at ¶¶ 10-15. These are recognized irreparable harms for which monetary compensation is inadequate. *See MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) ("In sum, Plaintiffs have offered two independently sufficient grounds for a finding of irreparable harm. Plaintiff will suffer irreparable harm because of StreamCast's likely inability to pay for the past and/or future infringements that it has induced. Additionally, StreamCast's inducement has and will continue to irreparably harm Plaintiff's ability to enforce its exclusive rights."); *Warner Bros. Entm't, Inc. v. WTV Sys.,* 824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011) (recognizing that the perception of the ability to infringe copyright protected work undermines the ability to develop and conduct business). Accordingly, Plaintiff has established that Plaintiff will be irreparably harmed by Defendants' infringing conduct.

**E. The Balancing of Harms Tips in Plaintiff's Favor**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895.

As willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed,* 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). This

is equally true in the copyright context, since Defendants "cannot complain” of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.,* 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011).

As Plaintiff has demonstrated, Defendants have been profiting from the sale of Infringing Carol Cavalaris Products. Thus, the balance of equities tips decisively in Plaintiff’s favor. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

**F. Issuance of the Injunction is in the Public Interest**

"[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp*., 714 F.2d 1240, 1255 (3rd Cir. 1983). This is especially true here since protecting the creative content of the Carol Cavalaris Works extends far beyond protecting the works of the producing studio. It also protects the integrity of Carol Cavalaris Products and encourages creative expression.

Moreover, federal courts have long held that “the trademark laws ... are concerned not alone with the protection of a property right existing in an individual, but also with the protection of the public from fraud and deceit.” *Stahly, Inc. v. M.H. Jacobs Co.,* 183 F.2d 914, 917 (7th Cir. 1950) (citations omitted). This is equally true in the copyright context. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants’ actions. The public has the right not to be confused and defrauded as to the source of the goods and services offered by Defendants, or as to the identity of the owner of copyrights used in connection with those goods. Unless Defendants’ unauthorized use of the Carol Cavalaris Works is enjoined, the public will continue to be confused and misled by Defendants’ conduct.

For these reasons, it is respectfully submitted that granting Plaintiff's Motion for Entry of a Preliminary Injunction Order is in the public interest.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction order only on notice. Here the defendants already have notice. Moreover, under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties, such as financial institutions, who are in active concert with the Defendants or who aid and abet Defendants and are given actual notice of the order. The facts in this case warrant such relief.

### A. A Preliminary Injunction Immediately Enjoining Defendants' Unauthorized and Unlawful Use of Plaintiff's Works is Appropriate

Plaintiff requests an injunction requiring the Defendants to immediately cease all use of the Carol Cavalaris Works on or in connection with all Defendant Internet Stores and to cease their acts of copyright infringement. Such relief is necessary to stop the ongoing harm to the copyrights, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the Carol Cavalaris Works. The need for injunctive relief is magnified in today's global economy where infringers can operate over the internet in an anonymous fashion. Plaintiff is currently unaware of both the true identities and locations of the Defendants, as well as other Defendant Internet Stores used to distribute pirated Carol Cavalaris Products.

Many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property. *See, e.g., Heather Ann Dutton v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-14095 (N.D. Ill. Jan. 5, 2026); *Georgii Nikolayevich Diachenko v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-12479 (N.D. Ill. Nov. 12, 2025).

### B. Preventing the Fraudulent Transfer of Assets is Appropriate

Plaintiff requests a restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b). Issuing a restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters.*, *Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

The Northern District of Illinois in *Lorillard Tobacco Co. v. Montrose Wholesale Candies* entered an asset restraining order in an IP infringement case brought by a tobacco company against owners of a store selling counterfeit cigarettes. *Lorillard*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005). The Court, citing *Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308 (1999), recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief. *Id.* (citing *Grupo Mexicano*, 527 U.S. at 325 (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940))). Because the tobacco company sought a disgorgement of the storeowner's profits, an equitable remedy, the Court found that it had the authority to freeze the storeowner's assets. *Id.; see also Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters.*, *Inc.*, 970 F.2d 552, 559 (9th Cir. 1992); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002) ("since the assets in question ...

were the profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case."). Also, this Court issued asset restraining orders in similar cases. *See, e.g., Heather Ann Dutton v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-14095 (N.D. Ill. Jan. 5, 2026); *Georgii Nikolayevich Diachenko v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-12479 (N.D. Ill. Nov. 12, 2025).

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, the granting of an injunction preventing the transfer of Defendants' assets is proper.

## V. DEFENDANTS RECEIVED NOTICE OF THIS CASE AND THE PRELIMINARY INJUNCTION VIA E-MAIL

Electronic notification is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which the registrants of the Defendant Internet Stores may be apprised of the pendency of this action.

Despite providing physical addresses, the registrants of the Defendant online selling accounts must generally provide an accurate e-mail address so that their service providers may communicate with them regarding issues related to the purchase, transfer, and maintenance of the various accounts. Likewise, online marketplace account operators accepting PayPal, or similar accounts, must provide a valid email address to customers for completing payment. Moreover, it

is necessary for merchants, such as the registrants of Defendant Internet Stores, who operate entirely online, to visit the Defendant Internet Stores to ensure they are functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be notified electronically than through traditional service of process methods.

Traditional service methods are unavailable here. The physical addresses provided in Defendants' marketplace registrations have been verified as non-existent or not associated with the registrant. WHOIS records for the Defendant Internet Stores utilize privacy-shielding services that conceal registrant identities. Defendants have no known agent for service of process in the United States. Absent email service, Plaintiff would be forced to pursue costly and time-consuming Hague service in multiple foreign jurisdictions, which Defendants' use of false registration information is designed to frustrate.

Pursuant to this Court's Minute Entry at Docket Entry 22, which authorized expedited discovery, Plaintiff obtained Defendants' email addresses from payment processors and marketplace platforms with whom Defendants actively transact business. Contemporaneously with filing this Motion, Plaintiff served notice of this preliminary injunction motion to Defendants at the email addresses detailed in the attached Declaration of Service.

Fed. R. Civ. P. 65 permits the issuance of a preliminary injunction "only on notice." Fed. R. Civ. P. 65(a). However, "service of process is not required to notify a party of a decree or injunction. . ." *See* Advisory Committee notes of the 1993 amendment to FRCP Rule 4.1. The Seventh Circuit has confirmed that a preliminary injunction may be issued without formal service of process. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012). The Seventh Circuit has found that notice via email is sufficient even in the contempt context. *Teledyne Technologies Inc. v. Shekar*, 739 Fed. Appx. 347, 349 (7th Cir. 2018). Email

notice is equally sufficient here, where Defendants operate exclusively online and the email addresses were obtained through court-authorized discovery from financial institutions with which Defendants actively transact.

Email notification provides Defendants with actual notice and a full opportunity to oppose this motion. The email addresses were obtained from payment processors with whom Defendants actively transact business, ensuring the addresses are monitored and operational. Defendants' entire business model depends on electronic communication: they receive orders, process payments, and communicate with customers exclusively online. Email notice thus reaches Defendants through the very channel they have selected as their primary means of conducting business. This satisfies the due process requirement that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

This Court and others in this District regularly authorize email notification in similar copyright infringement actions against defendants operating online stores. *See, e.g., Heather Ann Dutton v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-14095 (N.D. Ill. Jan. 5, 2026); *Georgii Nikolayevich Diachenko v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-12479 (N.D. Ill. Nov. 12, 2025).

## VI. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum,* 889 F.2d 787, 789 (8th Cir. 1989); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 421 (4th Cir. 1999); Fed. R. Civ. P. 65(c). Because of the strong and unequivocal nature of Plaintiff's evidence of infringement, Plaintiff

respectfully requests that this Court require Plaintiff to post a bond of no more than Twenty-Six Thousand U.S. Dollars ($26,000). *See, e.g.*, *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 910-11 (N.D. Ill. 2015).

## VII. CONCLUSION

The Carol Cavalaris Works are an important part of Plaintiff's business. That the accused products use the creative content protected by Plaintiff's copyrights is no coincidence. It is validation that consumers value these rights owned by Plaintiff. Without entry of the requested relief, the sale of infringing products will continue unabated. Therefore, entry of a preliminary injunction order is necessary to protect Plaintiff's rights and to prevent further harm to Plaintiff and the consuming public. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court enter a Preliminary Injunction Order in the form submitted herewith.

DATED: November 9, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq.