**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER PICQUELLE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-06014

Judge John J. Tharp, Jr.

Magistrate Judge Young B. Kim

# DECLARATION OF KEITH A. VOGT

I, Keith A. Vogt, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, HEATHER PICQUELLE ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. I understand that infringers use a variety of tactics to evade enforcement efforts.

3. Upon information and belief, Defendants facilitate sales designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine or authorized products. The Defendant Internet Stores often include images and design elements that make it difficult for consumers to distinguish these stores from an authorized website.

4. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new online marketplace accounts on

various platforms and/or websites using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their massive illegal operation and to avoid being shut down.

5. There are similarities among the Defendant Internet Stores. For example, many of the Defendant Internet Stores have similar layouts, even though different aliases may be used to register the respective internet stores. Also, unauthorized products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being related to one another, suggesting that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

6. Defendants typically operate multiple accounts behind layers of payment gateways so that they can continue operation despite any enforcement efforts to make them judgment proof. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court.

7. For these reasons, in the absence of an Injunction Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*