**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER PICQUELLE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 26-cv-06014

Judge John J. Tharp, Jr.

Magistrate Judge Young B. Kim

# PRELIMINARY INJUNCTION ORDER

Plaintiff Heather Picquelle filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Picquelle's Motion in part as follows.

This Court finds Picquelle has provided notice to Defendants in accordance with Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Picquelle has presented evidence of completed purchases of the allegedly infringing products by customers in Illinois as to each Defendant listed in Schedule A. *See Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). Specifically, each Defendant uses one or more e-commerce stores that target United States consumers through one

or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using versions of Picquelle's federally registered copyrights (the "Carol Cavalaris Works") to residents of Illinois. See Docket No. [21-1], which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing versions of the Carol Cavalaris Works.

This Court also finds that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion establishes that Picquelle has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Picquelle will suffer irreparable harm if the injunction is not granted.

Specifically, Picquelle has proved a *prima facie* case of copyright infringement because (1) the Carol Cavalaris Works are registered with the U.S. Copyright Office, (2) Defendants, without any authorization from Picquelle, or any right under the law, have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Carol Cavalaris Works. Furthermore, Defendants' continued and unauthorized use of the Carol Cavalaris Works irreparably harms Picquelle through diminished goodwill and brand confidence, damage to Picquelle's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Picquelle has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Carol Cavalaris Works in any manner without the express authorization of Picquelle;

b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Picquelle, or are sponsored by, approved by, or otherwise connected with Picquelle; and

c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Picquelle, nor authorized by Picquelle to be sold or offered for sale, and which bear any of Picquelle's copyrights, including the Carol Cavalaris Works, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Picquelle's request, those with actual notice of this Order, including any marketplace platforms such as Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), and Roadget Business Pte. Ltd. ("SHEIN") (the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Picquelle further discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts and Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, the Third Party Providers, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Picquelle's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods bearing the Carol Cavalaris Works.

5. Any Third Party Providers, including Amazon, PayPal, and SHEIN, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, any e-mail addresses identified in exhibits to declarations provided by Picquelle, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Picquelle may provide notice of the proceedings in this case to Defendants, including any future motions, by sending an e-mail with a link to said website to the e-mail addresses identified in exhibits to declarations provided by Picquelle and any e-mail addresses obtained through this Order or otherwise provided for Defendants by third parties, and by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Within seven (7) calendar days of entry of this Order, Picquelle shall deposit with the Court twenty-six thousand dollars ($26,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder. This security shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

Date: November 18, 2026

John J. Tharp, Jr.
United States District Judge

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | Hamelyn |
| 2 | yozaogiuder |
| 3 | luvonnel |
| 4 | chuanyoushanmao |
| 5 | huijie888 |
| 6 | MEDIEVAL HANDICRAFTS STORE |
| 7 | fashionystudio.com |
| 8 | airpears.com |
| 9 | fashionsully.com |
| 10 | exxid.com |
| 11 | ubuntumini.com |
| 12 | lilicloth.com |
| 13 | lulavibes.com |
| 14 | freemagician.com |
| 15 | paintbynumbershome.com |
| 16 | allpaintbynumbers.art |
| 17 | diamondpaintingkits.shop |
| 18 | wolfantique.com |
| 19 | nativeheritagestore.com |
| 20 | charmingfavor.com |
| 21 | diamondpaintingpro.com |
| 22 | alldiamondpainting.com |
| 23 | powwow.store |
| 24 | paintbynumberdeals.com |
| 25 | yiefudrs4tmail.com |
| 26 | ijzozsddol379 |